IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADAM FLETCHER YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-10-608-D |
| | ) |
| MIKE ADDISON, Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 53], issued by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C. § 636(b)(1). Judge Roberts recommends the denial of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Within the extended time period authorized by the Court, Petitioner has filed a written objection.[1] Accordingly, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, who appears *pro se*, seeks a writ of habeas corpus with respect to a state court conviction of marijuana trafficking and a 10-year prison sentence. Despite Petitioner's numerous, prolix pleadings and papers filed in this case, the Petition asserts one primary claim for relief, that

---

[1] Petitioner sought additional time due to his release from custody and a desire to seek legal counsel. Despite Petitioner's release, the "in custody" requirement of § 2254 is satisfied because Petitioner was serving his sentence for the challenged conviction when the Petition was filed. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Further, because Petitioner challenges a felony conviction that has collateral consequences, his release did not render the case moot. *See Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968); *see also Spencer*, 523 at 7-8. "[T]he Supreme Court presumes that a wrongful criminal conviction has continuing collateral consequences sufficient to present a case or controversy and avoid dismissal on the ground of mootness." *Braun v. Gallegos*, 58 F. App'x 781, 782 (10th Cir. 2002).

is, he received ineffective assistance of appellate counsel.[2] In a 37-page Report, Judge Roberts conducts a thorough analysis of the relevant issues and concludes that Petitioner has failed to show the Oklahoma Court of Criminal Appeals (OCCA) reached a decision regarding his claim that was contrary to, or an unreasonable application of, clearly established federal law, as required by 28 U.S.C. § 2254(d)(1).

In his Objection, Petitioner first complains of procedural rulings by Judge Roberts that allegedly have prevented him from adequately stating or supporting his claims. The Court has previously overruled Petitioner's objections to these rulings, and adheres to its prior orders. *See* Order of October 21, 2010 [Doc. No. 27]; Order of November 22, 2010 [Doc. No. 32]; Order of April 22, 2011 [Doc. No. 44]. Further, the Court has previously informed Petitioner that he will not be permitted to incorporate prior briefs in later filings and that Rules 9 and 10 of the Federal Rules of Civil Procedure do not authorize this practice. *See* Order of May 4, 2011 [Doc. No. 46]. The Court declines to revisit these issues, and further finds that Petitioner's attempt in his Objection to incorporate prior filings is particularly inappropriate; a specific objection to a magistrate judge's report is a prerequisite to further judicial review. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Thus, the Court addresses only specific matters raised in Petitioner's Objection.

Petitioner primarily objects to factual findings in the Report, such as a summary of relevant testimony in the state court record, and to Judge Roberts' deference to state court findings of fact. Petitioner asserts he has shown by "clear and convincing evidence" that these findings are incorrect or unreasonable. *See* Petr's Objection [Doc. No. 56] at 5, 8-10. Petitioner also alleges that Judge

---

[2] The Petition purports to state two other claims, a due process claim founded on unspecified "arbitrary and capricious decisions" by state courts, and a claim of cumulative error. *See* Petition [Doc. No. 1] at 6, 8 (as electronically numbered by ECF system).

Roberts in her Report omits or fails to address some of his arguments, and misunderstands or "misrepresents" other arguments. *See*, *e.g.*, *id.* at 7.

Upon *de novo* consideration of the issues, the Court finds that Judge Roberts' analysis is correct. To the extent Petitioner contends he is entitled to relief under 28 U.S.C. § 2254(d)(2) – that OCCA's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" – the Court finds that Petitioner has failed to make the necessary showing. *See Byrd v. Workman*, 645 F.3d 1159, 1172 (10th Cir. 2011) (discussing the application of § 2254(d)(2) to an ineffective assistance claim). To the extent Petitioner contends he has overcome the presumption of correctness of the state court's factual findings, as required by § 2254(e)(1), the Court similarly finds that Petitioner has failed to cite clear and convincing evidence to rebut a particular finding of fact. Because the Court cannot add significantly to Judge Roberts' discussion of Petitioner's claims, the Court adopts the Report and Recommendation in its entirety as though fully set forth herein.

IT IS THEREFORE ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is denied. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  Upon consideration, the Court finds this standard is not met in this case.  Therefore, a COA will be denied.  The denial shall be included in the judgment.

IT IS SO ORDERED this 9th day of February, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE